IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ISHANTA SHOALS, an individual,            )<br>                                                              )<br>              **Plaintiff,**                     )<br>                                                              )<br>vs.                                                         )<br>                                                              )<br>1. STATE OF OKLAHOMA, ex rel.       )<br>OKLAHOMA DEPARTMENT OF        )<br>HUMAN SERVICES, a governmental  )<br>agency,                                                 )<br>2. MICHAEL KINDRICK, an individual, )<br>3. ZANE GRAY, an individual,              )<br>                                                              )<br>                                                              )<br>              **Defendants.**                 ) | Case No. 16-CV-220-KEW<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED FOR<br>THE FIRM |

### COMPLAINT

**COMES NOW**, the Plaintiff, Ishanta Shoals ("Shoals"), by and through her attorney of record, Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.*, and for her causes of action against the above named Defendants would respectfully show the court as follows:

### STATEMENT OF CASE

This action seeks declaratory relief, actual compensatory and equitable damages, punitive damages, and costs and attorney fees, for race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, *et seq.*, and for retaliation in violation of the First Amendment by way of 42 U.S.C. § 1983, committed by the individual Defendants.

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, *et seq.*, and 42 U.S.C. § 1983.

1

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Eastern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is and was, at all times relevant hereto, a resident of the State of Oklahoma, residing in Muskogee, Muskogee County, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Muskogee County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on March 3, 2016 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a governmental agency engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that she was employed by an employer.

**OPERATIVE FACTS**

10. Plaintiff became employed with the Oklahoma Department of Human Services on June 4, 2014 and began working on July 11, 2014, as a Child Welfare Specialist.

11. In October 2014, Plaintiff was assigned a case regarding a 5 year child, R.S., who had arrived at school with a black eye and advised his teachers that his father caused the injury.

12. Plaintiff interviewed the parents and R.S. at the residence in Warner, Oklahoma. R.S. described that he had been hit by his father after breaking a plate.

13. R.S. also advised that he was afraid of his father and feared that he would be physically assaulted for accusing his father and telling the truth.

14. Due to the hour, Plaintiff contacted the on-call supervisor, Kristen Westdyke, who relayed the information to the district director, Jeff Sanders.

15. Mr. Sanders and Ms. Westdyke decided there was not a safety concern and instructed Plaintiff to leave R.S. with the parents in the residence.

16. The next day, Plaintiff reiterated the previous night's actions and expressed her concern for R.S.'s safety and that the decision to leave him in the residence violated policy to her CPS supervisor, Summer Purdom.

17. Ms. Purdom instructed Plaintiff to return to the residence and obtain permission to have R.S. examined by a physician.

18. Upon arrival at the residence, R.S. requested a private talk in Plaintiff's vehicle. The child advised Plaintiff that his father had beaten him, hitting him over and over again on his back, for talking to Plaintiff the previous evening.

19. R.S. was examined by Dr. Ryan Mundy, who opined that R.S. had bruises consistent with being beaten with an open hand.

20. Plaintiff then reported the Doctor's findings to Ms. Purdom, who advised that an out of home safety plan was required to protect R.S.  Plaintiff made arrangements for R.S. to be placed in the care of relatives, who had previously had guardianship over and care for R.S. in the past when removed from his parents.

21. Subsequently, Plaintiff informed Michael Kindrick, DHS Child Welfare District Director, of how the situation with R.S. was handled, that it was wrong to leave R.S. in the home and that doing so violated DHS policy.

22. Later that week, Plaintiff attended a multi-discipline task force meeting regarding R.S.  The police department and the Kid's Space advocates were furious that DHS had not removed R.S. upon Plaintiff's initial contact.  Plaintiff informed the task force that she had been instructed by Mr. Sanders and Ms. Westdyke to leave the child in his parents' custody.

23. The following week, Plaintiff's supervisor advised her that the Oklahoma Inspector General's Office, the Office of Client Advocacy ("OCA") and the Oklahoma Commission on Children and Youth were investigating the case.  Plaintiff, however, was already aware of that fact as she was the individual who reported the matter to them.

24. On December 16, 2014, Plaintiff was called into a meeting with Jeana Heist, CPS supervisor, Linda Mobbs, CPS supervisor, and Tammy Willyard, Mr. Kindrick's administrative assistant, and accused of speaking rudely on the telephone to Ms. Mobbs a month prior when discussing the R.S. case with Ms. Mobbs.  Ms. Mobbs also accused Plaintiff of not initiating a safety plan on another case as Ms. Mobbs alleged she had instructed Plaintiff to do.

25. Plaintiff denied Ms. Mobbs' accusations and advised Ms. Heist that the telephone conversation in question, as well as others, had been recorded on her personal cell phone and requested permission to play the recordings back to refute the accusations, which was denied.

26. Plaintiff emailed Michael Kindrick, District Director, with a narrative of the events of the meeting with Ms. Mobbs, Ms. Heist and Ms. Willyard and complained that she was being subjected to disparate treatment.  Subsequently, Plaintiff met with Mr. Kindrick and he reviewed the content of the recordings, none of which he had issues with.  However, he had contacted the Human Resources Department with regard to having an issue with Plaintiff recording conversations. He instructed Plaintiff to remove the recording device from her personal phone.

27. Subsequently, the R.S. situation attracted a lot of attention and DHS was being scrutinized for how it was handled internally. Plaintiff's supervisor, Jeana Heist, instructed her to close the case as soon as possible.  In the process of doing so, Plaintiff discovered that case notes she entered into the file had been deleted. Plaintiff expressed concern to Ms. Heist about this and was informed that Ms. Heist was the one who deleted those case notes and that those notes "just did not belong there."

28. As Plaintiff felt like she was being set up as the scapegoat for DHS's handling of the R.S. situation, she approached Mr. Kindrick and informed him that her case notes about Jeff Sanders decision to leave R.S. in the home had been deleted.  Subequently, Mr. Kindrick informed Plaintiff that Ms. Heist had confirmed to him that she had deleted those notes.

29. On December 26, 2014, Plaintiff met with Luke Cooper from OCA to report her concerns regarding the manner in which the case was handled and the deletion of evidence from the investigative file.  Thirty minutes after the conclusion of this meeting, Plaintiff was called

5

into a meeting with Michael Kindrick and Jeff Sanders. During this meeting, Plaintiff was informed that she was terminated for not disclosing her prior state employment to DHS on her application.

30. Plaintiff appealed the termination by filing a grievance and requested a civil rights investigation. The Step-Two decision maker, Patrick Klein, upheld the termination.

31. Mr. Klein wrote Plaintiff a letter describing what they had found during their investigation. The letter indicated that Mr. Kindrick spoke with Zane Gray, the Child Welfare Regional Director, prior to Plaintiff's termination and that Mr. Gray approved Plaintiff's termination.

32. The grievance manager, Leanne Saunders, had Mr. Klein amend his decision to remove any reference to Mr. Gray's involvement in Plaintiff's termination.

33. Plaintiff subsequently filed for unemployment and received a copy of the application referenced in her termination meeting. The application DHS submitted was not the application Plaintiff had submitted to DHS when she applied.

34. During Plaintiff's tenure at DHS, her Caucasian supervisors and co-workers violated policies, committed illegal acts, deleted case files, and even committed perjury and were not disciplined or terminated.

35. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information with the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on March 3, 2016 (attached as an Exhibit hereto and hereby incorporated by reference as though fully set forth herein).

36. Plaintiff believes that she was discriminated against on the basis of her race, to wit, African American, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

37. Plaintiff believes that she was retaliated against for her complaint of disparate treatment to Michael Kindrick, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

38. Plaintiff was retaliated against for exercising her First Amendment right to freedom of expression, in violation of 42 U.S.C. § 1983, when she spoke on matters of public concern regarding DHS's handling of the child welfare investigation regarding R.S. and the subsequent cover-up.

## FIRST CLAIM
### (Race Discrimination in Violation of Title VII)

39. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

40. This claim is made against Defendant, the State of Oklahoma.

41. That, as a member of a protected class, to wit: African-American, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

42. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of his race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

43. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on her race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

44. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

45. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

   **WHEREFORE**, Plaintiff prays that the Defendant, the State of Oklahoma, appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SECOND CLAIM
### (Race Discrimination in Violation of 42 U.S.C. § 1981)

46. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

47. This claim is made against Defendant, the State of Oklahoma.

48. That as a member of a protected class, to wit: African American, Plaintiff is protected from race discrimination under 42 U.S.C. § 1981;

49. That the disparate treatment of Plaintiff by Defendant and its agents and/or employees was a direct result of discrimination on the basis of her race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

50. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based on her race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

51. That Defendant ratified the acts of their agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

52. That the conduct complained of constitutes illegal race discrimination in violation of 42 U.S.C. § 1981.

    **WHEREFORE**, Plaintiff prays that the Defendant, the State of Oklahoma, appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## THIRD CLAIM
### (Retaliation in Violation of Title VII)

53. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

54. This claim is made against Defendant, the State of Oklahoma.

55. Plaintiff followed the proper procedures as an employee of Defendant in exercising her federally protected right to complain of the disparate treatment she was subjected to as an employee in Defendant's employ

56. Plaintiff reported the discrimination she was subjected to as an employee of Defendant to her supervisor.

57. As a direct result of Plaintiff's complaint, Defendant altered the terms, conditions and/or privileges of his employment by, among other retaliatory acts, terminating her employment.

58. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising her federally protected right to report the disparate treatment she was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays that the Defendant, the State of Oklahoma, appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## FOURTH CLAIM
**(Retaliation in Violation of 42 U.S.C. § 1981)**

59. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

60. This claim is made against Defendant, the State of Oklahoma.

61. Plaintiff followed the proper procedures as an employee of Defendant in exercising her federally protected right to complain of the disparate treatment she was subjected to as an employee in Defendant's employ.

62. Plaintiff reported the discrimination she was subjected to as an employee of Defendant to her supervisor.

63. As a direct result of Plaintiff's complaint, Defendant altered the terms, conditions and/or privileges of her employment by, among other retaliatory acts, terminating her employment.

64. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising her federally protected right to report the disparate treatment she was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays that the Defendant, the State of Oklahoma, appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## FIFTH CLAIM
### (First Amendment Retaliation in Violation of 42 U.S.C. § 1983)

65. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

66. This claim is made against Defendants Michael Kindrick and Zane Gray.

67. Plaintiff's speech regarding the cover-up of the decision to leave R.S. in an unsafe home constitutes a matter of public concern because it calls attention to DHS's failure to discharge its governmental duties and, as a result, is constitutionally protected speech.

68. Defendants Kindrick and Gray were aware of Plaintiff's protected speech and jointly decided to terminate her employment so as to suppress that speech.

69. At all times relevant to this cause of action, Defendants were the final policymakers within the meaning of 42 U.S.C. § 1983, as demonstrated by their role in whether Plaintiff's employment continued.

70. At all times relevant to this cause of action, Plaintiff's interest in commenting on the matters of public concern outweighed Defendants' interest in promoting self-efficiency.

71. At all times relevant to this cause of action, Plaintiff's speech was motivated by Defendants' failure to protect the minor child and the destruction of evidence related thereto.

6:16-cv-00220-RAW   Document 3   Filed in ED/OK on 05/27/16   Page 12 of 12

72. Plaintiff's termination constitutes an adverse employment action within the meaning of 42 U.S.C. § 1983.

73. Plaintiff's termination was substantially motivated by her having exercised her constitutionally protected right to free expression.

74. By terminating Plaintiff, Defendants effectively silenced her from exercising her freedom of expression regarding a matter of public concern.

75. By terminating Plaintiff, Defendants were acting under color of state law.

76. Defendants created a position wherein Plaintiff's employment was conditioned on not exercising her constitutionally protected rights, as prohibited by 42 U.S.C. § 1983.

   **WHEREFORE**, Plaintiff prays that Defendants, Kindrick and Gray, appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: ___*s/ Charles C. Vaught*___
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***

12